| | | |
|---|---|---|
| KEVIN R. FADDIS, et al.; | ) | |
| | ) | |
| Plaintiffs; | ) | |
| | ) | |
| v. | ) | 3:25-CV-13-KAC-JEM |
| | ) | |
| CITY OF KNOXVILLE, TENNESSEE; | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER DISMISSING ACTION</u>

Before the Court is the "Motion to Dismiss the Amended Complaint" filed by Defendant City of Knoxville, Tennessee [Doc. 11]. For the reasons below, the Court grants the Motion in part, dismissing Plaintiffs' federal Section 1983 claims and declining to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## I.    <u>Background</u>[1]

"Defendant City of Knoxville, Tennessee is a municipality organized under the laws of the State of Tennessee" [Doc. 8 ¶ 25]. Plaintiffs are eighteen (18) individual "municipal firefighters" employed by Defendant during the relevant time [*See id.* ¶¶ 1, 7-25].

"[O]n May 17, 2022," the Knoxville City Council "enacted" a new "'Step Play Plan' for Knoxville's police and firefighters" [*Id.* ¶¶ 33, 34]. "Without notice or an opportunity to be heard, when the City implemented the Pay Step Plan [sic] in July 2022, it placed firefighters who had served in their current rank for 5 or more years at an arbitrary lower step, effectively locking those

---

[1] Because Plaintiffs are the non-moving Parties, the Court construes the facts in the operative complaint the light most favorable to them, accepts all well-pled factual allegations as true, and draws all reasonable inferences in their favor. *See, e.g.*, *Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024) (citation omitted).

firefighters into lower pay grades within the step plan, which absent the relief requested herein [in the operative complaint], will continue year-by-year, step-by-step until the effected class of firefighters retire" [*Id.* ¶ 43].

On January 13, 2025, Plaintiffs filed suit against Defendant [*See* Doc. 1]. Thereafter, they amended their complaint [*See* Doc. 8]. The First Amended Complaint is operative [*See id.*]. In the First Amended Complaint, Plaintiffs raise three federal claims. Count One is a Section 1983 claim alleging that "[w]ithout notice or opportunity to be heard, Defendant unreasonably and arbitrarily misclassified Plaintiffs under the enacted Pay Step Plan [sic] in violation of Plaintiffs' right to due process under the Fourteenth Amendment" [*Id.* ¶ 72]. Count Two is a Section 1983 claim alleging that "[r]ather than implementing the Pay Step Plan [sic] as duly enacted, however, the City of Knoxville has arbitrarily administered the plan with respect to all firefighters who have been in their current rank for five or more years, which disproportionately harms older firefighters in violation of Plaintiffs' right to equal protection under the Fourteenth Amendment" [*Id.* ¶ 76]. And Count Three is a Section 1983 claim alleging that "[b]y implementing the Pay Step Plan [sic] disparately with respect to older firefighters who have been in their current rank for five or more years, the City has intentionally discriminated against Plaintiffs based on age in violation of Plaintiffs' right to equal protection under the Fourteenth Amendment" [*Id.*¶ 80]. They also raise state law claims.

Defendant filed a "Motion to Dismiss," seeking to dismiss the First Amended Complaint "pursuant to Rule 12(b)(6)" for failure to state a claim [Doc. 11 at 1]. Defendant argues, among other things, that Plaintiffs' Section 1983 claims are barred by the applicable one-year statute of limitations [*Id.* at 1-2].

2

Plaintiffs opposed the Motion [Doc. 19].  In response to Defendant's statute of limitations argument, they offer the sworn declaration of Plaintiff Kevin R. Faddis [*See* Doc. 19-1].  Plaintiff Faddis states that "[i]n the weeks and months following the initial misclassification" in July 2022, he "met with City officials" to "discuss the misclassification[]" [*Id* ¶ 11].  "Each time the topic was raised, the officials and representatives I [he] spoke to acknowledged the misclassification and assured me [him] they were working to fix it" [*Id.*].  But on December 31, 2022, Plaintiff Faddis "retired from my [his] role as union president," and it was his "understanding that the new president, Larry McAfee, continued my [his] efforts to work with the City to fix the misclassification problem" [*Id.* ¶ 12].  Nevertheless, "from July 2022 through to the most recent misclassification in June of last year [2024], the City kept giving me [Plaintiff Faddis] and the other affected firefighters assurances that the misclassification would be corrected, and this is the reason we [Plaintiffs] chose not to take legal action earlier" [*Id.* ¶ 15].

Defendant replied [Doc. 23].  And the matter is now ripe.

II.     <u>Analysis</u>

To survive a motion to dismiss under Rule 12(b)(6), the operative complaint must generally plead "enough facts to state a claim to relief that is plausible on its face." *Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, the Court views the facts in the First Amended Complaint in the light most favorable to Plaintiffs, accepts all well-pled factual allegations as true, and draws all reasonable inferences in their favor. *See, e.g.*, *Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024) (citation omitted).  "Although the statute of limitations is an affirmative defense, an action remains subject to dismissal under" Rule 12(b)(6) "if the complaint's allegations 'affirmatively show that the claim is time-barred.'"  *Bozzo v. Nanasy*, 159 F.4th 1111, 1116 (6th Cir. 2025)

(quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).  "In that instance, a plaintiff can survive dismissal only by showing that an exception to the statute of limitations applies."  *Id.* (citing *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013)).

A one-year statute of limitations applies to Plaintiffs' Section 1983 claims, based on Tennessee Code Annotated § 28-3-104(a).  *See Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (analyzing Fourteenth Amendment Section 1983 claims).  But "federal law dictates" when a Section 1983 claim "accrues."  *Bozzo*, 159 F.4th at 1116 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  "[T]he Supreme Court instructs us that the statute of limitations begins to run when the plaintiff has 'a complete and present cause of action.'"  *Id.* (quoting *Wallace*, 549 U.S. at 388). That is "the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim."  *Id.* (quoting *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (per curiam)).  But the Sixth Circuit has "applied a 'discovery rule.'" *Id.*  There, "a claim accrues when a 'plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id.* (quoting *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015)).

Under either formulation of the law, the First Amended Complaint affirmatively shows that Plaintiffs' Section 1983 claims are time-barred.  Each of Plaintiffs' Section 1983 claims is based on the implementation of the Step Pay Plan [*See* Doc. 8 ¶¶ 72, 76, 80].  Defendant "implemented the Pay Step Plan [sic] in July 2022" [*Id.* ¶ 43].  And Plaintiffs did not file suit until January 13, 2025; well more than one (1) year after the July 2022 implementation [*See* Doc. 1].

Resisting this conclusion, Plaintiffs raise three arguments.  Each fails.  **First**, Plaintiffs argue that "they allege that have been continually misclassified under the plan since its implementation" [*See* Doc. 19 at 2, 5].  But those allegations are not "plain[ly]" stated in the First

Amended Complaint. *See* Fed. R. Civ. P. 8. And it is the implementation of the Step Pay Plan and any misclassification at that time, not any later misclassification, that is the stated basis for each of the Section 1983 claims raised in the First Amended Complaint [*See* Doc. 8]. Plaintiffs have already amended their complaint once as a matter of right, and they cannot use their Response to amend the allegations and claims actually contained in the First Amended Complaint. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

**Second**, Plaintiffs argue that "the City has misclassified Plaintiffs not just once in 2022, but twice since that time" with the "Plaintiffs last misclassified on or about June 28, 2024" [Doc. 19 at 3]. But again, there are no allegations regarding a June 2024 misclassification in the First Amended Complaint [*See* Doc. 8]. And Plaintiffs cannot further amend their First Amended Complaint in their Response. *See Waskul*, 979 F.3d at 440.

**Finally**,[2] Plaintiffs raise a "continuing violation" theory based on a purported "longstanding and demonstrable policy" of discrimination [*See id.* at 5]. The Sixth Circuit "uses this doctrine 'most commonly in Title VII cases, and rarely extends it to § 1983 actions.'" *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 693 (6th Cir. 2017) (quoting *Katz v. Vill. of Beverly Hills*, 677 Fed. App'x 232, 236 (6th Cir. 2017)). Under this rarely-extended doctrine, Plaintiffs must allege that "some form of intentional discrimination against the class of which" Plaintiffs were members was Defendant's "standing operating procedure." *See id.* (quoting *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003)). This requires "something more than the existence of discriminatory treatment in his [Plaintiffs'] case." *Id.* (quoting *Sharpe*, 319 F.3d at 268). But

---

[2] Plaintiffs also state that "the Lilly Ledbetter Fair Pay Act of 2009" "should serve as the final death knell to Defendant's statute of limitations arguments" [Doc. 19 at 6]. But as Plaintiffs recognize, "the Act specifically amended only Title VII, Equal Pay Act, ADA, and [the] ADEA" [*Id.*]. And the Act does not control either the statute of limitations or the date of accrual for Plaintiffs' Section 1983 claims.

Plaintiffs offer nothing more. Their discrimination theory is based on the implementation of the Step Pay Plan, the basis for this action. So, the doctrine does not apply. And the First Amended Complaint affirmatively shows that the Section 1983 claims are time-barred.

The burden then shifts to Plaintiffs to "show[] that an exception to the statute of limitations applies." *See Bozzo*, 159 F.4th at 1116. Plaintiffs offer equitable estoppel [*See* Doc. 19 at 7]. But it does not fit the bill. "[I]n the context of the statute of limitations, the doctrine of equitable estoppel is not favored under Tennessee law." *Mott v. Luethke*, 633 S.W.3d 585, 597 (Tenn. Ct. App. 2021) (citation omitted). "The party invoking the doctrine" "has the burden of proof." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012) (citation omitted). That party "must demonstrate that the defendant induced him or her to put off filing suit by identifying specific promises, inducements, suggestions, representations, assurances, or other similar conduct by the defendant that the defendant knew, or reasonably should have known, would induce the plaintiff to delay filing suit." *Id.*

Plaintiffs rely on the Faddis Declaration to meet this onerous standard, but it falls short. Plaintiff Faddis arguably offers specific representations and assurances made by "officials" to him until December 31, 2022 when another individual took over his efforts "to work with the City to fix the misclassification problem" [*See* Doc. 9-1 ¶¶ 11-12]. But Plaintiffs did not file suit within one year of December 31, 2022 [*See* Doc. 1]. So, this does not save their claims. And the general, unattributed assertion that "from July 2022 through to the most recent misclassification in June of last year [2024], the City kept giving me and the other affected firefighters assurances that the misclassification would be corrected" does not "identify specific" promises or assurances made by Defendant [Doc. 9-1 ¶ 15]. *See Redwing*, 363 S.W.3d at 460. Nor does this assertion provide enough details regarding any specific promise or assurance for the Court to determine that

Defendant City of Knoxville "knew, or reasonably should have known" that any specific promise or assurance "would induce" Plaintiffs "to delay filing suit." *See id.* This was Plaintiffs' burden. *See id.*; *see also Bozzo*, 159 F.4th at 116. And it was not met. Accordingly, the statute of limitations bars the Section 1983 claims in the First Amended Complaint. And the Court dismisses those claims with prejudice.

Having dismissed Plaintiffs' Section 1983 claims, this federal court "should not ordinarily reach" Plaintiffs' state law claims. *See Burnett v. Griffith*, 33 F.4th 907, 915 (6th Cir. 2022) (quoting *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). Because the Court dismisses Plaintiffs' sole federal claims upon which the Court's original jurisdiction rests, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See id.*; *see also* 28 U.S.C. § 1367(c)(3). This dismissal is not on the merits, so the Court dismisses the state law claims without prejudice. *See Costello v. United States*, 365 U.S. 265, 285-86 (1961).

## III.  Conclusion

For the reasons above, the Court **GRANTS** the "Motion to Dismiss the Amended Complaint" filed by Defendant City of Knoxville, Tennessee [Doc. 11] **in part** and **DISMISSES** Plaintiffs' Section 1983 claims **with prejudice**. And the Court **DISMISSES** Plaintiffs' state law claims **without prejudice**. Because nothing remains of this action, an appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

7